UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE,

        Plaintiff,

v.                                                              Case No. 2:22-cv-159-JLB-NPM

PUNTA GORDA DEVELOPMENT
CORP, PUNTA GORDA
DEVELOPMENT CORPORATION
CHARLOTTE HOMES, PUNTA
GORDA HOUSING AUTHORITY, and
STATE OF FLORIDA,

        Defendants.

## REPORT AND RECOMMENDATION

This matter is before the court due to plaintiff Jane Doe's failure to file by May 26, 2022, the AO Form 239 "Application to Proceed in District Court without Prepaying Fees or Costs" or pay the $402 filing fee. Upon review of the case file, the complaint should be dismissed without prejudice.

Plaintiff filed a complaint that Rule 11 requires be stricken. Fed. R. Civ. P. 11(a).[1] The court advised Plaintiff of Rule 11's requirements (Docs. 10, 11), but she has failed to cure.

---

[1] The complaint is replete with "the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement." *See Sealey v. Branch Banking and Trust Co.*, No. 2:17-cv-785-MHT-SMD, 2019 WL 1434065, *2 (M.D. Ala. Feb. 21, 2019). And the arguments and legal theories espoused by sovereign citizens have been consistently rejected as

Local Rule 3.03 directs each party to file an interested-persons disclosure with its first appearance. The Civil Action Order (Doc. 4) reminded Plaintiff of this requirement. But she has refused to comply.

Finally, the court ordered Plaintiff to either file an AO Form 239 "Application to Proceed in District Court without Prepaying Fees or Costs" or pay the $402 filing fee, and it expressly warned Plaintiff that failure to timely comply with, or seek relief from, the order may result in the dismissal of this case without further notice. (Doc. 10). Yet plaintiff has failed to comply or request more time to do so.

Without explanation, and despite ample opportunity to provide one, Plaintiff has repeatedly failed to comply with the court's orders, and it appears she has abandoned this action. Accordingly, Plaintiff's complaint should be **DISMISSED without prejudice** for failure comply with the court's orders and for failure to prosecute. *See* Fed. R. Civ. P. 16(f)(1)(C) (a failure to comply with pretrial orders may result in a dismissal of claims), 41(b). And the clerk should be directed to deny all pending motions, terminate any scheduled events, and close the file.

---

"utterly frivolous, patently ludicrous, and a waste of ... the court's time, which is being paid by hard-earned tax dollars." *See Young v. PNC Bank, N.A.*, No. 3:16-cv-298-RV-EMT, 2018 WL 1251920, *2 (N.D. Fla. Mar. 12, 2018) (citing *Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, *2 (M.D. Fla. Jan. 7, 2016)). Accordingly, federal circuit and district courts throughout the country routinely deny IFP status and order or affirm, as the case may be, the sua sponte dismissal of such cases. *See, e.g.*, *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017); *Carroll v. Moorehead*, 710 F. App'x 346, 347 (10th Cir. 2018); *West v. Bornunda*, 698 F. App'x 224, 225 (5th Cir. 2017); *Moose v. Krueger*, No. 16-3954, 2017 WL 3597723 *1 (7th Cir. Apr. 4, 2017). Indeed, in the first instance, litigants are "lucky to be spared sanctions for filing such a suit." *Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017).

Respectfully recommended on June 6, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**